UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GARRY NEWBERRY, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 1:07CV00010 ERW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Newberry's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#1]. The motion is barred by the one-year period of limitations and will be summarily dismissed.

On January 27, 2003, after Newberry pled guilty to one count of possession with intent to distribute methamphetamine, the Court sentenced Newberry to 130 months imprisonment followed by 8 years of supervised release. Newberry did not file an appeal.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

>A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--
>
>>(1) the date on which the judgment of conviction becomes final;
>>
>>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires.  <u>Moshier v. United States</u>, 402 F.3d 116, 118 (2nd Cir. 2005).  In this case, the judgment became final on February 10, 2003, which is ten calculated days after the judgment was entered.  Fed. R. App. Proc. 4(b)(1).  As a result, the one-year period of limitations under § 2255 expired nearly three years ago, on February 10, 2004, and the motion shall be summarily dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Newberry's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [#1] is **DISMISSED** without prejudice, as time-barred.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. 28 U.S.C. § 2253.

An appropriate order of dismissal shall accompany this Memorandum and Order.

So Ordered this 2nd Day of February, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE